**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____   Docket No. 20-cv-3306

DAWN PARKER,

                              Plaintiff,

                                                    **COMPLAINT and**
                                                    **JURY DEMAND**

          -against-

EQUINOX HOLDINGS, INC.
A/K/A EQUINOX FITNESS CLUB,
EQUINOX GROUP INC.,
EQUINOX 44th STREET INC.,
EQUINOX 63RD STREET, INC.,
EQUINOX 74th STREET INC.,
EQUINOX 76th STREET INC.,
EQUINOX ROCKEFELLER CENTER, INC.,
EQUINOX COLUMBUS CENTRE INC.,
EQUINOX ONE PARK AVE INC.,
EQX HOLDINGS, LLC,
BROOKLYN HEIGHTS EQUINOX,
RELATED EQUINOX HOLDINGS II, LLC., and
MICHAEL NERSESIAN, STEPHANIE HERRMANN

                                                  Defendants.

_____

       Plaintiff DAWN PARKER, by her attorneys, LAW OFFICE OF ALENA SHAUTSOVA, P.C. as for her Complaint against EQUINOX HOLDINGS, INC. A/K/A EQUINOX FITNESS CLUB, EQUINOX GROUP INC., LLC, EQUINOX 44th STREET INC., EQUINOX 63RD STREET, INC., EQUINOX 74th STREET INC., EQUINOX 76th STREET INC.,  EQUINOX ROCKEFELLER CENTER, INC., EQUINOX COLUMBUS CENTRE INC., EQUINOX ONE PARK AVE INC., EQX HOLDINGS LLC, BROOKLYN HEIGHTS EQUINOX, RELATED

1

EQUINOX HOLDINGS II, LLC., and MICHAEL NERSESIAN, STEPHANIE HERRMANN, collectively "Defendants," respectfully sets forth and alleges that:

**NATURE OF THE CASE**

1. This is an action for equitable relief and money damages on behalf of the Plaintiff DAWN PARKER (hereinafter referred to as "Ms. Parker"), an African American, former Defendants' employee, who has been subjected to discrimination, harassment, hostile work environment and retaliation by Defendants.

2. Ms. Parker was and still is respectively deprived of her Constitutional and Statutory Rights as a result of the Defendants' practices of creating a hostile work environment and disparate treatment, and engaging in retaliatory actions.

3. This is also an action to recover money damages against Defendants whose actions have caused and continue to cause Ms. Parker emotional distress, depression, anxiety, and a loss of life enjoyment. As a result of the discriminatory and retaliatory practices of Defendants herein, Ms. Parker has been injured in that she suffers from anxiety, emotional distress, stress, emotional pain, insomnia, distraction.

4. Plaintiff has no adequate remedy at law to address the violations described above if relief is not granted, then the rights secured to her by Title VII will be denied to her.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over the Title VII and under 28 U.S.C. §§1331 and 1343, because the current lawsuit arises under the laws of the United States and is brought to recover damages for depravation of equal rights, the New York State Human Rights Law, N.Y. Executive Law §§ 290 et seq. ("State HRL"), and New York City Human Rights Law (" the City HRL").

6. This Court has supplemental subject matter jurisdiction over the State and the City HRL claims under 28 U.S.C.§ 1367, because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Ms. Parker has complied fully with any and all prerequisites to jurisdiction in this Court under Title VII, and this matter is being filed within ninety days of Plaintiff's receipt of right to sue letter on or about February 13, 2020.

8. The unlawful employment practices, violations of Ms. Parker's Civil Rights, and tortious acts complained of herein were committed within the Southern District of New York.

**PARTIES**

9. Plaintiff DAWN PARKER is a resident of Kings County, Brooklyn, New York.

10. Ms. Parker is African American.

11. From 2006 until the date of her termination on July 19, 2019, Ms. Parker worked as a group fitness instructor for the Defendants.

12. At all times material, upon information and belief, Defendant EQUINOX HOLDINGS, INC. also known as EQUINOX FITNESS CLUB is a parent corporation of EQUINOX GROUP INC., EQUINOX 44th STREET INC., EQUINOX 63Rd STREET, INC., EQUINOX 74th STREET INC., EQUINOX 76th STREET INC., EQUINOX ROCKEFELLER CENTER, INC., EQUINOX COLUMBUS CENTRE INC., EQUINOX ONE PARK AVE INC., EQX HOLDINGS LLC, BROOKLYN HEIGHTS EQUINOX, RELATED EQUINOX HOLDINGS II, INC. and EQUINOX HOLDINGS LLC. EQUINOX HOLDINGS, INC. aka EQUINOX FITNESS CLUB is a Delaware

corporation with its principal place of business in New York, New York. EQUINOX HOLDINGS INC. AKA EQUINOX FITNESS CLUB is a corporation with greater than 15 employees and is an employer within the meaning of Title VII, the State HRL, the City HRL.

13. At all times material, upon information and belief, Defendant EQUINOX GROUP, INC. is a subsidiary of EQUINOX HOLDINGS, INC. aka EQUINOX FITNESS CLUB. EQUINOX GROUP, INC. is a NEW YORK corporation with its principal place of business in New York, New York. EQUINOX GROUP is a corporation with greater than 15 employees and is an employer within the meaning of Title VII, the State HRL, the City HRL.

14. At all times material, upon information and belief, Defendant EQUINOX 44th STREET INC. is a subsidiary of EQUINOX HOLDINGS, INC. aka EQUINOX FITNESS CLUB. Defendant EQUINOX 44th STREET INC. is a New York corporation with its principal place of business in New York, New York. Defendant EQUINOX 44th STREET INC. GROUP is a corporation with greater than 15 employees and is an employer within the meaning of Title VII, the State HRL, the City HRL.

15. At all times material, upon information and belief, Defendant EQUINOX 63RD STREET, INC. is a subsidiary of EQUINOX HOLDINGS, INC. aka EQUINOX FITNESS CLUB. Defendant EQUINOX 63RD STREET, INC. is a New York corporation with its principal place of business in New York, New York. Defendant EQUINOX 63rd STREET, INC. is a corporation with greater than 15 employees and is an employer within the meaning of Title VII, the State HRL, the City HRL.

16. At all times material, upon information and belief, Defendant EQUINOX 74th STREET INC. is a subsidiary of EQUINOX HOLDINGS, INC. aka EQUINOX FITNESS CLUB. Defendant EQUINOX 74th STREET INC. is a New York corporation with its principal place of business in New York, New York. Defendant EQUINOX 74th STREET INC. is a corporation with greater than 15 employees and is an employer within the meaning of Title VII, the State HRL, the City HRL.

17. At all times material, upon information and belief, Defendant EQUINOX 76th STREET INC. is a subsidiary of EQUINOX HOLDINGS, INC. aka EQUINOX FITNESS CLUB. Defendant EQUINOX 76th STREET INC. is a New York corporation with its principal place of business in New York, New York. Defendant EQUINOX 76th STREET INC. is a corporation with greater than 15 employees and is an employer within the meaning of Title VII, the State HRL, the City HRL.

18. At all times material, upon information and belief, Defendant EQUINOX ROCKEFELLER CENTER, INC. is a subsidiary of EQUINOX HOLDINGS, INC. aka EQUINOX FITNESS CLUB. Defendant EQUINOX ROCKEFELLER CENTER, INC. is a New York corporation with its principal place of business in New York, New York. Defendant EQUINOX ROCKEFELLER CENTER, INC. is a corporation with greater than 15 employees and is an employer within the meaning of Title VII, the State HRL, the City HRL.

19. At all times material, upon information and belief, Defendant EQUINOX COLUMBUS CENTRE INC. is a subsidiary of EQUINOX HOLDINGS, INC. aka EQUINOX FITNESS CLUB. Defendant EQUINOX COLUMBUS CENTRE INC. is a New York corporation with its principal place of business in New York, New York. Defendant

EQUINOX COLUMBUS CENTRE INC. is a corporation with greater than 15 employees and is an employer within the meaning of Title VII, the State HRL, the City HRL.

20. At all times material, upon information and belief, Defendant EQUINOX ONE PARK AVE INC. is a subsidiary of EQUINOX HOLDINGS, INC. aka EQUINOX FITNESS CLUB. Defendant EQUINOX ONE PARK AVE INC. is a New York corporation with its principal place of business in New York, New York. Defendant EQUINOX ONE PARK AVE INC. is a corporation with greater than 15 employees and is an employer within the meaning of Title VII, the State HRL, the City HRL.

21. At all times material, upon information and belief, Defendant EQX HOLDINGS LLC is a subsidiary of EQUINOX HOLDINGS, INC. aka EQUINOX FITNESS CLUB. EQX HOLDINGS LLC is a Delaware corporation with its principal place of business in New York, New York. EQX HOLDINGS LLC is a corporation with greater than 15 employees and is an employer within the meaning of Title VII, the State HRL, the City HRL.

22. At all times material, upon information and belief, Defendant BROOKLYN HEIGHTS EQUINOX is a subsidiary of EQUINOX HOLDINGS, INC. aka EQUINOX FITNESS CLUB. Defendant BROOKLYN HEIGHTS EQUINOX is a New York corporation with its principal place of business at 194 Joralemon Street, Brooklyn, New York 11201. Defendant BROOKLYN HEIGHTS EQUINOX is a corporation with greater than 15 employees and is an employer within the meaning of Title VII, the State HRL, the City HRL.

23. At all times material, upon information and belief, Defendant RELATED EQUINOX HOLDINGS II, LLC is a subsidiary of EQUINOX HOLDINGS, INC. aka EQUINOX FITNESS CLUB. RELATED EQUINOX HOLDINGS II, LLC is a Delaware corporation

with its principal place of business in New York, New York. RELATED EQUINOX HOLDINGS II, LLC is a corporation with greater than 15 employees and is an employer within the meaning of Title VII, the State HRL, the City HRL.

24. All corporate Defendants are collectively referred to herein as "EQUINOX."

25. Upon information and belief, at all relevant times Defendant MICHAEL NERSESIAN was Ms. Parker's supervisor holding a position of a manager with the corporate Defendant EQUINOX.

26. Upon information and belief, at all relevant times Defendant STEPHANIE HERRMANN was Ms. Parker's supervisor holding a position of regional director of human resources with the corporate Defendant Equinox.

27. At all relevant times, Ms. Parker was and still is qualified for the position she was working at and her performance was satisfactory.

**FACTS**

28. Ms. Parker has over twenty years of experience in the fitness industry, and at the time of the termination she had nearly thirteen years of experience with EQUINOX. She enjoyed excellent reputation among the staff and the fitness center's clients.

29. On or about July 13, 2019, she has been working at the Equinox East 63rd Street, at 817 Lexington Ave, New York, NY 10065.

30. It was at the very end of the night, and Ms. Parker was taking a shower in the gym's shower/locker room.

31. At about 8:48 pm while she was still in the shower cabin, the shower door widely opened. Ms. Parker saw that the door was opened by a cleaning staff member whose name, as Ms. Parker found out later, was Cynthia.

32. Cynthia said "no, no, close, close". She kept pulling the shower's door handle towards herself, when Ms. Parker tried to close the shower cabin using inside handle to cover her naked body, explaining that she was about to finish her shower. The struggle was observed by Ms. Parker's client. Cynthia eventually left, but soon thereafter the shower door to Ms. Parker's showering cabin was open again. This time it was a new staff member and maintenance manager on duty, by the name Nelly.

33. Nelly said "closed, closed, announcement made." Ms. Parker again tried explaining to her that she was staff, and she was going to rinse off the soap and get out. Nelly was insistent saying "closed, announcement made, closed."

34. At that time, Ms. Parker was covered in soap and had to rinse off. Nelly left, frustrated.

35. Moments later, Ms. Parker heard a female voice saying "no, closed, closed." Then she heard the voice of another woman say "I know, I'm staff. I work downstairs in the pool." Ms. Parker then heard the cleaning woman again say "no, no closed, closed," The woman from the pool then said "I know, you're wasting time, we close in ten minutes, I just need to rinse off." The cleaning woman again said "no closed and then I heard the pool staff member say "I'm sorry, I have to rinse off," and then she must have entered the shower.

36. Ms. Parker exited the shower and was approached by Nelly who continued to complain about Ms. Parker's taking a shower.

37. After a few minutes, the "pool girl exited her shower stall and walked past Nelly and Ms. Parker. She wasn't African American/Black. Ms. Parker noticed at that time that the staff woman from the pool area was olive/fair skinned, similar to the complexion of Cynthia.

38. As Ms. Parker was starting to dress, the young lady from the front desk, Sara, addressed the woman from the pool area. Ms. Parker overheard Sara explaining to the pool staff member the time that the showers and steam room close. The "pool girl" began to tell her side of what happened. As Ms. Parker learned later, Sara was a manger on duty.

39. After that, the pool staffer left, Sara, Nelly and Cyntia surrounded Ms. Parker questioning her behavior. At this time, Ms. Parker voiced her concern that she was mistreated because she was African American, when her colleague who was not African American was allowed to finish her shower and was allowed to leave. This incident happened at the presence of two of gym's clients.

40. Eventually, Ms. Parker was allowed to leave the premises.

**Retaliation**

41. On Monday evening, July 15, 2019, Ms. Parker gave her account of events to the manager Domenic Savino. She requested information on human resources where she could send a complaint about the treatment she received, but Domenic Savino said he had no information on where and to whom she could complain.

42. Only three days later, during another meeting with the managers Defendant MICHAEL NERSESIAN and Defendant STEPHANIE HERRMANN at 63rd/Lexington, Ms. Parker was surprised to discover that she was accused of using curse words and physical violence against the cleaning staff members. She was told the internal investigation should be over by the close of business day that day on July 18, 2019.This was the first time Ms. Parker learned about the allegations against her.

43. Ms. Parker was suspended from July 15, 2019. However, the investigation continued.

44. On July 18, 2019 during a meeting with Defendant MICHAEL NERSESIAN and Defendant STEPHANIE HERRMANN Ms. Parker asked to file a complaint against the maintenance ladies/locker room attendants. She told Defendant MICHAEL NERSESIAN and Defendant STEPHANIE HERRMANN that she felt that she was discriminated against based on her race.

45. Defendant STEPHANIE HERRMANN then asked why she felt she was racially discriminated.  Ms. Parker then began to give both individual Defendants examples of how she had been treated differently than the woman who worked in the pool area: she was not African American/Black (she was olive toned/fair skinned) and was treated much differently that evening than Ms. Parker was.

46. Ms. Parker also told Defendant MICHAEL NERSESIAN and Defendant STEPHANIE HERRMANN that she was not only interrupted by Nelly but stared down by Cynthia who stood behind Nelly and that she thought about an incident that occurred in a Brooklyn nail salon that had gone viral where some nail technicians jumped an African American/Black woman. She felt that Cynthia's intention was to intimidate her.

47. Ms. Parker also told Defendant MICHAEL NERSESIAN and Defendant STEPHANIE HERRMANN that she was not reimbursed properly for the events she put together for Defendant EQUINOX by manager Ivette Torres.

48.  Ms. Parker was never allowed to look at the complaint that was allegedly made against her.  Despite the fact that Ms. Parker voiced her complaints of racial discrimination, no investigation regarding Ms. Parker's complaint of discrimination took place.

49. On July 19, 2019, Ms. Parker received a phone call informing her that after nearly thirteen years working for Defendant EQUINOX, she was terminated allegedly for violent behavior.

50. In fact, Ms. Parker was terminated because of her race and her complaints about racial discrimination.

### FIRST CAUSE OF ACTION (Discrimination, TITLE VII against corporate Defendants)

51. Ms. Parker incorporates by reference all of the preceding paragraphs.

52. Title VII prohibits discrimination against employees based on race or color.

53. Title VII prohibits employers from subjecting employees to unwelcome statements or conduct that is based on race and is so severe or pervasive that the individual being harassed reasonably finds the work environment to be hostile or abusive, and there is a basis for holding the employer liable.

54. Defendant EQUINOX's employees and supervisors of Ms. Parker created hostile environment when treated her without respect, trying to force her out of the shower, naked, scolded her in front of her customers, did not afford an opportunity to submit her complaints, disregarded her complaints of racial discrimination, and retaliated against her by suspending her and terminating her.

55. Ms. Parker's supervisors failed to take any actions to stop harassment and retaliation.

56. Defendant EQUINOX's conduct constitutes unlawful discrimination and harassment in violation of Title VII.

57. Defendant EQUINOX's conduct constitutes a malicious, willful, and reckless violation of Ms. Parker' rights under Title VII.

58. As a direct and proximate result of institutional Defendant EQUINOX's conduct Ms. Parker was injured in that she suffered emotional distress, anxiety, depression, stress, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life; and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Ms. Parker is thereby entitled to general and compensatory damages.

### SECOND CAUSE OF ACTION (Retaliation, Title VII against Corporate Defendant)

59. Ms. Parker incorporates by reference all of the preceding paragraphs.

60. Title VII prohibits employers from engaging in retaliatory practices against employees who were engaged in protected activities.

61. By voicing her concerns that she was racially discriminated, Ms. Parker engaged in protected activity.

62. There exist a causal connection between Ms. Parker's protected activities and Defendant EQUINOX's adverse employment action of disciplining Ms. Parker and firing her.

63. Defendant EQUINOX's conduct constitutes unlawful retaliation in violation of Title VII.

64. Defendant EQUINOX's conduct constitutes a malicious, willful, and reckless violation of Ms. Parker's rights under Title VII.

65. As a direct and proximate result of institutional Defendants' conduct Ms. Parker was injured in that she suffered emotional distress, anxiety, depression, stress, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life; she has incurred and will continue to incur medical expenses for treatment by health care professionals, and for other incidental expenses, and she has suffered and will continue to suffer a loss of

earnings and other employment benefits and job opportunities. Ms. Parker is thereby entitled to general and compensatory damages.

### THIRD CAUSE OF ACTION (STATE HRL)

66. Ms. Parker incorporates by reference all of the preceding paragraphs.

67. At all relevant times, Defendant MICHAEL NERSESIAN was Ms. Parker's supervisor.

68. Defendant MICHAEL NERSESIAN created hostile work environment and personally retaliated against Ms. Parker.

69. At all relevant times, Defendant STEPHANIE HERRMANN was Ms. Parker's supervisor who contributed to harassment and retaliation by failing to investigate Ms. Parker's complaints of racial discrimination, dismissing Ms. Parker's complaints, suspending Ms. Parker and contributing in terminating her.

70. Such conduct by Defendants constitutes unlawful discrimination, harassment, and retaliation in violation of the New York State Human Rights Law.

### FOURTH CAUSE OF ACTION (CITY HRL)

71. Ms. Parker incorporates by reference all of the preceding paragraphs.

72. At all relevant times, Defendant MICHAEL NERSESIAN was Ms. Parker's supervisor.

73. Defendant MICHAEL NERSESIAN created hostile work environment and personally retaliated against Ms. Parker.

74. At all relevant times, Defendant STEPHANIE HERRMANN was Ms. Parker's supervisor who contributed to harassment by failing to shield Ms. Parker from harassment and retaliation.

75. Such conduct by Defendants constitutes unlawful discrimination, harassment, and retaliation in violation of the New York City Human Rights Law.

**FIFTH CAUSE OF ACTION Under 42 U.S.C. Section 1981 (Against all Defendants)**

76. Ms. Parker incorporates by reference all of the preceding paragraphs.

77. Defendants established a policy or practice of harassing and retaliating against African American employees.

78. Upon information and belief, African American employees have been subjected to harsher punishments for the same mistakes than non-African-American employees.

79. Defendants acted intentionally when created a hostile environment and retaliation against Ms. Parker.

80. Defendants' intentional actions caused Ms. Parker monetary and emotional damages.

WHEREFORE,

Plaintiff respectfully requests that upon trial this Court enter judgment:

a. Declaring Defendants' actions, policies, and practices violated Title VII, the State and City HRL;

b. Permanently enjoining Defendant EQUINOX (and its officers, agents, and successors) from engaging in actions, policies, or practices that discriminate or retaliate against any employees because of their race or that discriminate or retaliate against any employees of EQUINOX because of their participation in this lawsuit, in Ms. Parker's opposition to discrimination by EQUINOX, or in any other conduct protected by Title VII, the State and City HRL;

c. Ordering appropriate equitable relief to prevent, correct, and remedy past and future discrimination against African American employees and to prevent, correct, and remedy

past and future discrimination and retaliation against all Equinox's employees who engage in conduct protected by Title VII and the State HRL;

d. Directing EQUINOX to make Ms. Parker whole by providing her with back pay, reinstatement of front pay in lieu of thereof, and compensation for all lost or diminished employment-related compensation or benefits, past or future;

e. Directing Defendants to pay Ms. Parker compensatory damages for injury to her reputation, for adverse effects on her career, and for diminished earning capacity resulting from the discriminatory and retaliatory actions of EQUINOX;

f. Directing EQUINOX to pay Ms. Parker an award of damages to be determined at the time of trial to compensate her for mental anguish, humiliation, embarrassment, and emotional distress and injury;

g. Directing EQUINOX to pay Ms. Parker a portion of its profits during the relevant period as punitive damages to punish and deter continuation of EQUINOX's unlawful employment practices;

h. Declaring that Defendants are in violation of 42 U.S.C. Section 1981.

i. Awarding Ms. Parker reasonable attorney's fees and costs, as provided Title VII, 42 U.S.C. § 1988; and

j. Granting such additional relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims properly triable by jury.


Dated: April 24, 2020
Brooklyn, NY

Respectfully submitted,

        s/_____
ALENA SHAUTSOVA (as-9641)

LAW OFFICE OF
ALENA SHAUTSOVA P.C.
2908A Emmons Ave
Brooklyn, NY 11235
Tel. 917-885-2261
Email: a.shautsova@gmail.com
www.shautsova.com