UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAWN PARKER,

                              Plaintiff,

                    -v-

EQUINOX HOLDINGS, INC. ET AL.,
                              Defendants.

20-CV-3306 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Dawn Parker ("Parker"), a fitness instructor, sued defendants Equinox Holdings,
Inc. a/k/a Equinox Fitness Club, Equinox Group Inc., Equinox 44th Street Inc., Equinox 63rd
Street, Inc., Equinox 74th Street Inc., Equinox 76th Street Inc., Equinox Rockefeller Center, Inc.,
Equinox Columbus Centre Inc., Equinox One Park Ave Inc., EQX Holding, LLC, Brooklyn
Heights Equinox, Related Equinox Holdings II, LLC., Michael Nersesian, and Stephanie
Herrmann (collectively, "Defendants"), alleging employment discrimination and retaliation in
violation of Title VII, violations of New York State and City human rights laws, and 42 U.S.C.
§ 1981.  (*See* Dkt. No. 1 ("Compl.").)  Several defendants — The Equinox Group, Inc.,[1] Equinox
44th Street Inc., Equinox 63rd Street Inc., Equinox 74th Street Inc., Equinox 76th Street Inc.,
Equinox Rockefeller Center, Inc., Equinox Columbus Centre Inc., and Equinox One Park Ave
Inc. (collectively, "Movants") — seek dismissal of the claims against them.  For the reasons that
follow, the motion is granted.

---

[1] Defendants allege The Equinox Group, Inc. was improperly named as Equinox Group Inc. (Dkt.
No. 32 at 1.)

1

## I.      Background

The following facts are taken from the complaint and assumed true for purposes of this motion.

Parker, a Black woman, worked as a group fitness instructor for Equinox for thirteen years.  (Compl. ¶¶ 10–11.)  In July 2019, working at Equinox 63rd Ave., Parker was confronted by members of the cleaning staff while she was showering, an incident Parker took to be due to her race because an "olive/fair skinned" woman was largely allowed to shower without harassment.  (Compl. ¶¶ 29–39.)  After giving her account of the events to a manager, Parker discovered in a meeting with defendants Michael Nersesian and Stephanie Herrmann that she was accused of using curse words and physical violence against the cleaning staff and was suspended that day.  (Compl. ¶¶ 41–43.)  Despite Parker's complaint of racial discrimination, no investigation took place.  (Compl. ¶¶ 44–48.)  Parker was terminated on July 19, 2019 for allegedly violent behavior.  (Compl. ¶ 49.)

Parker filed a charge with the U.S. Equal Employment Opportunity Commission in August 2019 and received a right-to-sue letter in February 2020.  (Compl. ¶ 7; Dkt. No. 36-1.)[2] She filed this lawsuit on April 24, 2020 (*see* Compl.), and Movants moved to dismiss on July 27, 2020.  (Dkt. No. 31.)

## II.     Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In

---

[2] The Court may consider the EEOC filings and determination, despite not being attached to the complaint, as nonetheless "integral to the complaint" for purposes of a motion to dismiss. *Holowecki v. Federal Exp. Corp.*, 440 F.3d 557, 565–66 (2d Cir. 2006) (citation omitted).

considering the motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002).  And while "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, the Court must draw "all inferences in the light most favorable to the nonmoving party[ ]," *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

## III.   Discussion

Movants argue they should be dismissed from the case because Parker did not (1) exhaust her Title VII remedies with respect to Movants because she failed to name Movants in her EEOC charge; or, alternatively, (2) plead sufficient facts to demonstrate an employer-employee relationship.

Parker's EEOC charge indeed only names "Equinox Holdings, Inc." and "Equinox Fitness Club, et al."  (*See* Dkt. No. 36-1.)[3]  She contends that this is of no moment because such subsidiaries fall under the "identity of interest" exception, which "permits a Title VII action to proceed against an unnamed party where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge." *Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991) (citations omitted).  However, as Movants correctly point out, the exception is meant for charges "filed by parties not versed in the vagaries of Title VII and its jurisdictional and pleading requirements."  *Id.*; *see also Ruiz v. New Avon LLC*, No. 18 Civ 9033, 2019 WL 4601847, at *11 (S.D.N.Y. Sept. 22, 2019) ("Courts therefore routinely decline to apply the

---

[3] Parker's attorney's notice of appearance before the EEOC additionally includes "EQUINOX 63RD LEXINGTON AVE., EQUINOX BROOKLYN HEIGHTS, EQUINOX BROADWAY, et al." in the caption.  (*Id.*)  Setting aside the fact that such parties were not named in the EEOC charge itself, neither Equinox 63rd Lexington Ave. nor Equinox Broadway is a party to the current suit, and Equinox Brooklyn Heights is not among the Movants here.

identity of interest exception where complainants were represented by counsel familiar with the applicable law when they filed their EEOC charge."); *Darden v. DaimlerChrysler North America Holding Corp.*, 191 F. Supp. 2d 382, 390 (S.D.N.Y. 2002 ("[B]ecause [plaintiff] had the benefit of counsel when he filed his EEOC complaint, and does not claim that his counsel was unversed in the law, the identity of interest exception does not apply . . . ."). Here, Parker was represented when she filed her EEOC charge — faxed under a cover page with her attorney's letterhead (Dkt. No. 36-1) — and has made no claim that her counsel was unversed in the law.

Moreover, "[u]ltimately, it is the plaintiff who has the burden of proving that the identity of interest exception applies." *Senecal v. B.G. Lenders Service LLC*, 976 F. Supp. 2d 199, 214 (N.D.N.Y. 2013). Parker has done little more than assert that the exception — governed in the Second Circuit by a four-factor analysis, *see, e.g.*, *Hanley v. Chicago Title Ins. Co.*, 12 Civ. 4418, 2013 WL 3192174 at *4–5 (S.D.N.Y. June 24, 2013) — applies to her case. That is insufficient. The identity of interest exception is therefore unavailable. Parker has, accordingly, failed to exhaust her Title VII claims against the Movants.

Even if this Court were to stretch the identity of interest exception to apply here "so as not to frustrate Title VII's remedial goals," *Johnson*, 931 F.2d at 209, Parker has failed to plead sufficient facts establishing an employer-employee relationship between her and the Movants. Her complaint includes the bare allegations that the Movants are subsidiaries of Equinox Holdings Inc. that share a principal place of business, and that she worked as a fitness instructor for all Defendants. (*See* Compl. ¶¶ 11–25.) Parker has not provided any additional facts that would establish an employer relationship under the joint or single employer doctrines. *See, e.g.*, *Arculeo v. On-Site Sales & Marketing, LLC*, 425 F.3d 193, 197 (2d Cir. 2005). The Movants must be dismissed from the case.

Parker seeks leave to amend her complaint "unless[] Defendants produce evidence to support their allegations of lack of employer-employee relationship." (Dkt. No. 35 at 9.) But as the Court finds Parker has failed to exhaust her claims against Movants under Title VII — and more than 300 days have passed since the date of the alleged discrimination, barring the filing of any new EEOC charges, 42 U.S.C. § 2000e-5(e)(1) — it denies such amendment as futile.

## IV.  Conclusion

For the foregoing reasons, the motion to dismiss is GRANTED. As previously ordered by this court, the remaining parties shall mediate within 60 days of this order. (*See* Dkt. No. 45.) The Clerk of Court is directed to close the motion at Docket Number 31.

SO ORDERED.

Dated: December 17, 2020
    New York, New York

_____
            J. PAUL OETKEN
        United States District Judge