UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAWN PARKER

                    Plaintiff,

-against-

EQUINOX HOLDINGS, INC.
A/K/A EQUINOX FITNESS CLUB, MICHAEL
NERSESIAN AND STEPHANIE HERRMANN

                    Defendants.

Index No. 20-cv-3306

**STIPULATION FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff Dawn Parker ("Plaintiff") and Defendants Equinox Holdings, Inc., Michael Nersesian and Stephanie Herrmann ("Defendants"), through their undersigned counsel, as follows:

1. Any party may designate as "Confidential Matter" any document or information which it, in good faith, believes constitutes, contains or would disclose: (i) private business or proprietary information, information regarding internal corporate structure or strategy, a trade secret or other commercial or financial information that Defendants believe would result in competitive or commercial harm in the marketplace if the material were disseminated to persons outside Defendants or reviewed by persons other than those specifically identified herein for purposes of this litigation; or (ii) confidential personal information or personal financial information of individuals who are not parties to this lawsuit. The entering into this Stipulation of Confidentiality shall not constitute an acknowledgment by the parties that material designated as "Confidential Matter" is in fact confidential and such designation shall have no precedential or evidentiary value including, without limitation, any determination regarding the admissibility of

the document so designated. The parties are entering into this Stipulation of Confidentiality in order to facilitate discovery.

2. "Confidential Matter" shall be used solely for the purposes of litigating this lawsuit and not for any other purpose or lawsuit.

3. No designation of "Confidential Matter" shall be made unless counsel for the designating party believes in good faith that it is significant to the interest of his/her client or to the privacy interests of other individuals that the designated matter be kept confidential and that the client would consider this matter, in the absence of litigation, to be confidential.

4. In the event any of the parties receives information or material derived from a source other than from a party to this litigation and the information or material received from that source is the same in substance as information or material previously provided by a party and designated as "Confidential Matter," any of the parties may petition the Court to have such information or material likewise designated as "Confidential Matter."

5. No designation of "Confidential Matter" shall be effective unless there is placed or affixed on each document or group of documents (in such manner as will not interfere with the legibility thereof) a "CONFIDENTIAL" notice or the equivalent. Deposition testimony may be designated as "Confidential Matter" either by: (i) identifying the portion of testimony as "Confidential Matter" at the deposition; or (ii) written notice to the other party within 15 days of receipt of the deposition transcript. Any confidential designation which has been or is omitted prior to or subsequent to the entry of this Stipulation of Confidentiality may be corrected by written notification to opposing counsel.

6. Documents designated "Confidential Matter" may not be disclosed by any person to anyone other than to the following: (i) the Court; (ii) counsel for the parties; (iii) employees of counsel for the parties, including associate attorneys, paralegals, litigation assistants, and secretarial, stenographic, and clerical personnel assisting such counsel in this action; (iv) current employees of Defendants; (v) Plaintiff; (vi) third party deponents to the extent the Confidential Matter is relevant to their deposition; (vii) expert witnesses retained in connection with this action; and (viii) insurers of Defendants, provided, however, that disclosure of documents designated "Confidential Matter" to any such individual will be restricted to such "Confidential Matter" as the parties' counsel reasonably and in good faith believes needs be disclosed to the individual in order for counsel to properly prepare the case for trial.

7. Any information or material designated "Confidential Matter" shall be disclosed only to those persons designated in paragraphs 6 (iv), (v), and (vi): (a) who shall have read this Stipulation of Confidentiality; and (b) who, prior to the receipt of any "Confidential Matter," shall agree to be bound by the terms hereof.  Nothing herein shall prevent disclosure beyond the terms of this Stipulation of Confidentiality if the party claiming confidentiality consents in writing to such disclosure, or if the party seeking such disclosure, upon timely notice to the other parties, receives the approval of the Court.

a) A party may challenge the designation of "Confidential Matter." The Parties shall meet and confer in an attempt to resolve the challenge.  If the Parties cannot reach an agreement as to the subject deposition testimony or document(s), the challenging Party can apply to the Court for a ruling that deposition testimony or a document (or category of documents) designated as "Confidential Matter" is not entitled to such status and protection.  The

burden of proving the confidentiality of designated information remains with the Party asserting such confidentiality.

8. In the event that Plaintiff or Defendants wishes to file any "Confidential Matter" with the Court prior to trial, the party seeking to file such "Confidential Matter" with the Court shall do so pursuant to any Court established directions or procedures or in the absence of such established directions or procedures take steps necessary to ensure that the "Confidential Matter" is filed under seal and is maintained by the Court under seal until further order of the Court. To the extent that any "Confidential Matter" cannot be filed with the Court under seal, the party seeking to file the "Confidential Matter" shall meet and confer with the other party in good faith regarding appropriate redactions to the "Confidential Matter" at least seven (7) days, or as early as reasonably practicable, early as prior to the anticipated filing of the "Confidential Matter." The parties shall cooperatively agree what, if any, parts of the "Confidential Matter" must be redacted prior to filing. If the parties cannot as to what sections should be redacted as "Confidential Matter", the designating party shall file a motion with the Court seeking to protect such information as "Confidential Matter" pursuant to this Agreement within three (3) days of the parties' inability to agree as to the appropriate redactions.

9. The specification of appropriate safeguards concerning evidence at trial is specifically reserved for action by the Court or later agreement by the parties at or before trial.

10. This Stipulation of Confidentiality is intended only to govern the procedures for disclosure of confidential documents, material, and information. Nothing contained in this Stipulation of Confidentiality is intended to or shall be construed to waive any objections by any party, including objections on the grounds of privilege and/or confidentiality, to any requests for discovery by any other party in this action. Moreover, nothing contained in this Stipulation of

Confidentiality shall be construed as an admission by any party regarding the general admissibility of materials designated as "Confidential Matter."

11. Nothing contained in this Stipulation of Confidentiality shall be construed to prevent any party from making an application to the Court for revision of the terms of this Stipulation of Confidentiality.

12. All "Confidential Matter" and all copies thereof are to be destroyed or returned to the party claiming confidentiality within thirty (30) days after trial, appeal, settlement or other final resolution of this action. Despite the foregoing, counsel for the Parties may maintain complete copies of their files, including materials designated as Confidential, as required by the licensing Bar in the jurisdiction in which they practice.

13. Should any party to this Stipulation of Confidentiality become obligated to produce any "Confidential Matter" in response to a third party's service of a subpoena or other legal process, said party will notify the party claiming confidentiality of such service within five (5) days of its receipt.

14. Nothing contained in this Stipulation of Confidentiality shall restrict or impair a party's ability to use its own designated "Confidential Matter."

15. If, in connection with this litigation and despite a producing party having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or

forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

16. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide written confirmation to counsel that all such information has been returned or destroyed.

17. The terms of this Stipulation of Confidentiality shall remain in effect and the undersigned parties shall be bound thereunder unless and until said terms are modified by agreement of all parties to the Stipulation of Confidentiality or unless and until the Stipulation of Confidentiality is terminated by mutual agreement of the parties.

Dated: New York, New York  
November 1, 2021

By:   /s Hilary J. Orzick  
Hilary J. Orzick

ATTORNEY FOR PLAINTIFF

JACKSON LEWIS P.C.  
666 Third Avenue  
New York, NY 10017  
(212) 545-4000

Dated: New York, New York  
November 1, 2021

By:   /s Lori D. Bauer  
Lori D. Bauer  
Kenneth D. Sommer

ATTORNEYS FOR DEFENDANTS

It is SO ORDERED this  
__2nd__ day of __November__, 2021

_____  
J. PAUL OETKEN  
United States District Judge